**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gordon W. KAHL, Defendant-Appellant.**

**No. 77–5619**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1978.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Gordon W. Kahl, pro se.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, Archie C. Pierce, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before MORGAN, CLARK, and TJO-FLAT, Circuit Judges.

CHARLES CLARK, Circuit Judge:

Based on a two-count information filed November 16, 1976, Gordon W. Kahl, an active tax protester, was charged with failure to file income tax returns for the years 1973 and 1974. The case was tried to a jury, and Kahl was convicted on both counts of the information. The district judge sentenced Kahl to two years in prison and assessed a $2,000 fine. One year of the sentence and payment of the fine were suspended, but the judge placed Kahl on probation for five years and required Kahl to furnish copies of his income tax returns filed during the probationary period. Citing numerous errors, Kahl appeals. We affirm the conviction.

In his most substantial challenge to the findings of the district court, Kahl asserts that the court erred in denying his claim that the Government singled him out for selective prosecution based on his status as a tax protester. The selective prosecution claim was presented in the pretrial proceedings, and the district judge, sitting without a jury, ruled that Kahl had failed to establish his claim. In one of the pretrial hearings, the parties stipulated to the fact that the government does have a policy of selectively prosecuting tax protesters.[1] Kahl claims that this stipulation, together with other evidence adduced at trial, was sufficient to sustain his claim of selective prosecution. We reject that contention.

Selective prosecution, if based on improper motives, can violate the equal protection clause of the fourteenth amendment. *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 466 (1962). In order to make out a claim of selective prosecution the defendant must show: first, that others similarly situated generally have not been prosecuted; and second, that the Government's prosecution of him is selective, invidious, in bad faith or based on impermissible considerations such as race, religion, or his exercise of constitutional rights. *United States v. Johnson*, 577 F.2d 1304, 1308 (5th Cir. 1978); *United States v. Murdock*, 548 F.2d 599, 600 (5th Cir. 1977). Kahl contends that he has satisfied these requirements.

In pressing his claim of selective prosecution, Kahl principally relies upon *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973) (en banc), and *United States v. Steele*, 461 F.2d 1148 (9th Cir. 1972). Those cases upheld claims of selective prosecution in contexts of prosecution for failure to possess a draft card and for violating the census laws, respectively. In *Falk* and *Steele*, the defendants showed that the Government was aware of violations of those laws by persons other than vocal protesters and that only the protesters had been prosecuted. *Falk*, 479 F.2d at 621; *Steele*, 461 F.2d at 1152. Thus, defendants in those cases proved that others similarly situated generally had not been prosecuted; the government knew of a number of violations of the statutes involved and chose to prosecute only those who spoke out against the laws.

The facts of *Falk* and *Steele* are different from those in this case. Here, Kahl did not prove that the Government failed to prosecute persons it knew had violated the filing laws. The pretrial stipulation, which Kahl contends established his selective prosecution claim, merely stated that the Government had a policy of selective prosecution; it did not show that the Government failed to prosecute anyone other than tax protesters. Indeed, an Internal Revenue Service supervisor testified that the IRS actively pursued all violations of the filing statute that came to the attention of IRS agents.[2]

---

1. The pertinent stipulation provided:

    [A]s evidenced by Defendants' Exhibit 2 [the IRS Agents' manual], the Internal Revenue Service directs that a selective approach be taken in the investigation and prosecution of tax law violations. The selective approach will normally be those cases involving flagrant violations or violations by individuals who have achieved notoriety as tax protes-

    tors. The reason for the selective approach is that such cases usually provide a vehicle for extensive news coverage which alerts a large segment of the tax paying public to the consequences of non-compliance.

2. In the pretrial brief on his selective prosecution claim, Kahl cites statistics that show a high incidence of failures to file and that the

He also testified that, in his district in 1974, two individuals who were not tax protesters had been convicted for failure to file returns and that, in the years 1974–1978, less than one-third of the persons recommended for prosecution for failure to file in his district were tax protesters. Since the evidence adduced at trial showed that the Government did not discriminate in prosecuting persons for failure to file returns, the district court was correct in refusing to dismiss based on Kahl's claim of selective prosecution.[3] *See United States v. Johnson,* 577 F.2d at 1308 (5th Cir. 1978); *United States v. Murdock,* 548 F.2d 599, 600–601 (5th Cir. 1977); *United States v. Oaks,* 527 F.2d 937, 939–40 (9th Cir. 1975); *United States v. Scott,* 521 F.2d 1188, 1195 (9th Cir. 1975).

Kahl also contends that the district court erred in refusing to grant discovery of certain documents he claimed were in the possession of the government. Specifically, he sought nationwide statistics on the number of tax protesters charged with failure to file and the number of persons who were not tax protesters charged with that offense, together with Internal Revenue Service intelligence reports on tax protester activity. Kahl claimed that these items were essential to the preparation of his selective prosecution defense and therefore

had to be disclosed. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We reject that argument.

■ Throughout the trial, the Government insisted that the nationwide statistics Kahl requested had not been compiled, and the district court denied discovery requests for these items. It clearly was not error to refuse to grant discovery of documents that did not exist.[4] *United States v. Schembari,* 484 F.2d 931, 935 (4th Cir. 1973).

■ The Government admitted that the intelligence reports Kahl requested were in existence, but claimed that the reports were irrelevant to the issue of selective prosecution and were privileged. The trial court examined the documents *in camera* and found that they were not relevant to the selective prosecution defense, and, in the alternative, held that they were privileged under Federal Rule of Criminal Procedure 16(a)(2) and under the doctrine of executive privilege, *United States v. Berrigan,* 482 F.2d 171, 181 (3d Cir. 1973). Upon examination of the *in camera* material, we affirm the finding of the district court that the documents were irrelevant to the establishment of Kahl's selective prosecution claim.[5]

Rulings on discovery motions are matters committed to the trial court's discretion, *United States v. Ross,* 511 F.2d 757, 762,

---

percentage of violators prosecuted for the offense is miniscule. Kahl contends that, in light of these statistics, the likelihood of a vocal tax protester being prosecuted is much greater than that of a nonprotester being prosecuted. This would seem to be so. However, it does not establish that the vocal protester is being punished for exercising constitutional rights to speak out. Indeed, if anything, it proves that the Internal Revenue Service, with its limited enforcement staff, is more likely to discover violations by persons who make public statements concerning their failures to file than it is to learn of similar violations by persons who do not make such public statements.

3. Having determined that Kahl failed to show discrimination, we need not decide whether he proved that his prosecution was based on impermissible considerations.

4. The rule governing discovery in criminal cases, Rule 16(a)(1) of the Federal Rules of Criminal Procedure, provides in part:

(C) *Documents and Tangible Objects.* Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, *which are within the possession, custody or control of the government,* and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

Fed.R.Crim.P. 16(a)(1)(C) (emphasis added).

5. As the district court noted, the intelligence reports do not provide statistical information concerning the numbers of tax protesters prosecuted; they consist of narratives of IRS intelligence activities during certain periods of time, together with raw statistical data relating to the numbers of taxpayers investigated.

(5th Cir.), *cert. denied*, 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975), and we will not overturn a trial court's resolution in the absence of a clear abuse of that discretion, *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973). Here, the trial court conducted *in camera* examination of the documents and specifically stated its reasons for finding that the documents were irrelevant. Moreover, the court held a lengthy evidentiary hearing on appellant's selective prosecution claim, and the Government provided much of the evidence Kahl requested. We find no basis for overturning the trial court's finding on relevancy.[6] *See Ross*, 511 F.2d at 765.

■ Had the trial court committed error in finding that the reports were irrelevant, Kahl still would not have been entitled to them. In order for a defendant to discover documents relevant to his selective prosecution defense, he first must establish a colorable claim of selective prosecution. *United States v. Johnson*, 577 F.2d at 1309 (5th Cir. 1978); *United States v. Murdock*, 548 F.2d 599, 600 (5th Cir. 1977). Since we have held that Kahl did not present such a claim, he was not entitled to discover the documents in question.

■ Kahl asserts that the information fails to charge a crime because it relies on 26 U.S.C. § 7203, which prescribes penalties for failure to file an income tax return, but does not mention 26 U.S.C. § 6012, which requires that a return be filed. An information is sufficient to charge a crime if it states the elements of the offense charged, fairly informs the defendant of the charge, and enables the defendant to plead an acquittal or conviction to bar subsequent prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620 (1974). In this case, the requirements of *Hamling* were clearly satisfied. The information specifically alleged that the earnings of the accused were sufficient to require him to file a return and that he failed to do so.

Thus, the information stated all the elements of the offense and was sufficient to notify the defendant of the offense with which he was charged. No citation to § 6012 was necessary. *See Hayes v. United States*, 407 F.2d 189, 192 (5th Cir.), *cert. dismissed*, 395 U.S. 972, 89 S.Ct. 2133, 23 L.Ed.2d 777 (1969).

■ Kahl contends that the charge should have been brought by indictment rather than by information. The fifth amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, . . . .". Appellant asserts that the offense of failure to file an income tax return is an infamous crime. An offense is defined as an infamous crime if the punishment for the offense includes the possibility of incarceration in a penitentiary. *Mackin v. United States*, 117 U.S. 348, 6 S.Ct. 777, 29 L.Ed. 909 (1886). A defendant who is sentenced to a term of imprisonment of one year or less can be sent to a penitentiary only if he consents. 18 U.S.C. § 4083. Since the maximum sentence for failure to file a tax return is one year, 26 U.S.C. § 7203, a person convicted for failure to file a return cannot be made to serve his sentence in a penitentiary. Thus, a charge of failure to file under § 7203 does not hold a defendant to answer for an infamous crime and does not require an indictment. *United States v. Pandildis*, 524 F.2d 644, 649 n. 7 (6th Cir. 1975), *cert. denied*, 424 U.S. 933, 96 S.Ct. 1146, 47 L.Ed.2d 340 (1976); *United States v. Jordan*, 508 F.2d 750, 752–53 (7th Cir.), *cert. denied*, 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975). Moreover, the fact that appellant here was sentenced to one year in prison on each count of the indictment does not convert the offense into an infamous crime. *Jordan*, 508 F.2d at 753.

■ Kahl argues that since the warrant issued for his arrest was not based on a sworn affidavit, the warrant was invalid

---

6. Since we uphold the district court's ruling on relevancy, it is unnecessary to decide whether the documents were privileged.

and the trial court had no jurisdiction over him. Rule 9 of the Federal Rules of Criminal Procedure requires that an arrest warrant issued on the basis of an information must be supported by oath or affidavit; therefore, the warrant issued in this case violated Rule 9. Kahl failed to raise his objections to the validity of the warrant either at trial or in the pretrial motions. Rule 12(b)(1) of the Rules of Criminal Procedure requires that objections based on the institution of the prosecution be raised prior to trial, and failure to adhere to the requirements of that Rule results in a waiver of the objection. Unlike the objections to the subject matter jurisdiction of the court which cannot be waived under Rule 12(b)(1), *see Lott v. United States*, 280 F.2d 24 (5th Cir. 1960), *rev'd on other grounds*, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1960), objections to personal jurisdiction over a particular defendant can be. An objection to the manner of issuance of an arrest warrant goes to the jurisdiction of the court over the person of the defendant. Thus, Kahl has waived this objection by not raising it as Rule 12(b)(1) requires. *United States v. Andreas*, 458 F.2d 491, 492 (8th Cir.), *cert. denied*, 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972); *Sewell v. United States*, 406 F.2d 1289, 1292 (8th Cir. 1969); *Pon v. United States*, 168 F.2d 373, 374 (1st Cir. 1948).

■ Kahl next asserts that the evidence at trial was insufficient to show that he failed to file an income tax return and that his failure to do so was willful. When a defendant attacks a jury verdict claiming that the evidence to sustain it was insufficient, the evidence upholding the verdict must be examined in the light most favorable to the Government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942). Viewed in that way, the evidence here is clearly sufficient to sustain the jury verdict. The Government produced an Internal Revenue Service employee who testified that the IRS had no record of Kahl's income tax returns for the years 1973 and 1974. Two other witnesses testified that Kahl had told them that he had not filed returns for the years in question. This testimony was sufficient to create a jury issue as to whether Kahl had willfully failed to file income tax returns for the years 1973 and 1974.[7]

■ Kahl next assigns as error the trial court's failure to give his requested instruction that the jury should "completely ignore" the testimony of the Internal Revenue Service employee that the IRS had no record of Kahl's return for the years 1973 and 1974. The trial court was correct in denying the instruction. The court did charge the jury that they were the sole arbiter of the credibility of the witnesses and the weight to be given their testimony. Thus, the trial court explained to the jury that they were not bound to accept the testimony of the IRS employee and could determine for themselves whether Kahl filed a return. No other instruction was necessary. *See United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976).

■ Kahl challenges the order of the district court requiring him to provide copies of his income tax returns during the period of his probation. He claims that this order places him in involuntary servitude in violation of the thirteenth amendment. Under 18 U.S.C. § 3651, a court may "place the defendant on probation for such period and upon such terms and conditions as the court deems best." This statute gives the district court wide latitude in establishing the conditions for probation, and an order of a district judge providing for probation will be overturned only if it is an abuse of discretion. *United States v. Smith,* 414 F.2d 630, 636 (5th Cir. 1969), *rev'd on other grounds sub nom. Schacht v. United States,* 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970). In light of the crime of which Kahl was convicted, the conditions placed upon

---

7. Kahl also argues that his failure to file was not willful because filing was against his religious beliefs. Given the clear evidence demonstrating that his failure to file was willful, his religious beliefs concerning the validity of the income tax laws could not negate the criminality of that willfulness. *See United States v. Arlt*, 567 F.2d 1295, 1298 (5th Cir. 1978).

his probation were reasonable and clearly not an abuse of discretion.[8]

The conviction of Gordon W. Kahl is AFFIRMED.

---

8. Kahl also contends that the income tax laws as applied to him are unconstitutional. This argument is frivolous. *See* U.S.Const. amend. XVI.