**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frances A. ARGUELLES,**
**Defendant-Appellant.**

**No. 78–5358.**

United States Court of Appeals,
Fifth Circuit.

April 26, 1979.

Rehearing Denied May 23, 1979.

---

Peter Halat, Biloxi, Miss. (Court-appointed), for defendant-appellant.

Wm. A. Kimbrough, Jr., U. S. Atty., E. T. Rolison, Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GEWIN, HILL and FAY, Circuit Judges.

GEWIN, Circuit Judge:

Frances Arguelles appeals from her conviction for harboring or concealing a federal fugitive in violation of 18 U.S.C. § 1071. She was sentenced to the custody of the

Attorney General for five years with a split sentence—six months to be served in a jail-type institution and the balance of the sentence suspended. Appellant was also placed on probation for five years. She raises several issues on appeal. After careful consideration we find each of her contentions to be without merit.

In August 1975 an FBI agent, who was attempting to locate a fugitive, Henry Cook Salisbury, contacted appellant. She admitted to the agent that she knew Salisbury and had previously lived with him. The agent informed her that Salisbury was a federal fugitive and that a federal warrant had been issued for his arrest. The agent also advised appellant of the Federal Harboring Statute.

At the trial, one of the witnesses for the government testified that in November, 1977, appellant and the fugitive brought a car into his shop to be repaired and that the fugitive paid for the repairs although the bill was in appellant's name. He also testified that he went to the trailer where appellant and Salisbury were living to repair the lights connected to the trailer brakes.

Several other witnesses testified that they saw appellant with a man fitting the description of the fugitive. On three occasions in 1977 appellant and a man fitting the description of Salisbury purchased an automobile, each time placing title to the automobile in the name of appellant.

On December 29, 1977, an agent of the Alabama Bureau of Investigation interviewed appellant at her trailer concerning the ownership of an automobile that had been found abandoned. During the interview, appellant told the agent that she was living with a man named Paul Rivers.[1]

Appellant was charged in the indictment with living with Salisbury and providing him with sustenance, services and necessities and with purchasing three automobiles in her own name for his use and benefit.

■ One of the primary issues raised by appellant concerns the sufficiency of the evidence. She argues that the evidence adduced at trial was insufficient to show that she "harbored" or "concealed" the fugitive. Of course, when considering the sufficiency of the evidence presented, we must consider the evidence in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Appellant was advised by an FBI agent that Salisbury was a federal fugitive and that a federal warrant had been issued for his arrest. She was further advised by the agent about the Federal Harboring Statute.

■ There was ample evidence presented that she and the fugitive purchased three automobiles in her name and that repairs on her automobiles were billed under her name but were paid for by Salisbury. Additional testimony established that she and the fugitive lived together in a trailer and that he paid the rent on several occasions. We feel that the evidence, when viewed in its entirety, is sufficient to establish that appellant harbored or concealed Salisbury.

Appellant challenges the admission of exhibit 3–B, a photograph of Henry Cook Salisbury because she had not received a copy of it prior to trial. Under the agreement entered into pursuant to the omnibus hearing the government was required to disclose to appellant any photographs in its possession, custody or control which it intended to use in its case in chief. The government, however, was unaware of the existence of the photograph until the day of the trial.

We have previously held that it is not an abuse of the trial court's discretion to admit evidence that had not been previously disclosed to a defendant prior to trial when the existence of that evidence was unknown to the government prior to the day of trial. *United States v. Joyner,* 494 F.2d 501 (5th Cir. 1974).

■ Moreover, in the instant case, we can find no prejudice to appellant since a close examination of exhibit 3–B reveals

---

1. In the affidavits attached to the complaint under which appellant was arrested, there was a statement of an individual who identified Paul Rivers as being Henry Cook Salisbury.

little difference between it and exhibit 3–A, another photograph of Salisbury that was admitted at trial. Exhibit 3–A was the basis of the witnesses' identification of the fugitive during the FBI's investigation and was properly disclosed to appellant pursuant to the omnibus hearing. Thus, we find the action of the trial court well within the discretion permitted the court under the Federal Rules of Criminal Procedure 16(d)(2).

The final major point raised by appellant is whether the court erred in allowing the government to question one of its witnesses concerning oral statements made by appellant. Under the omnibus order the government was required to turn over and make available to appellant all oral statements, confessions or memoranda thereof, made by appellant that were within the custody or control of the government. A copy of the statements on a 302 Form was not made available to appellant even though the government was aware that such a statement had been made.

The government concedes that appellant was entitled to a copy of the 302 Form they had concerning Agent Abbott's interview with appellant. However, the government contends that appellant was not prejudiced because she already had the same information in an affidavit that was attached to the complaint under which she was arrested.

We have held on several occasions that relief for violation of discovery rules is within the discretion of the trial court and reversal will be granted only upon a showing by the accused of prejudice to his or her substantial rights. *United States v. Valdes,* 545 F.2d 957 (5th Cir. 1977); *United States v. Arcentales,* 532 F.2d 1046 (5th Cir. 1976); *United States v. Saitta,* 443 F.2d 830 (5th Cir.), *cert. denied,* 404 U.S. 938, 92 S.Ct. 269, 30 L.Ed.2d 250 (1971).

■ In the instant case appellant has failed to demonstrate prejudice to any of her substantial rights since she had essentially the same information in the affidavit as she would have received from the 302 Form.[2] Furthermore, the agent testified, under oath in an in camera proceeding, that he fully disclosed all information to appellant's attorney when he was interviewed by her attorney prior to trial.

■ Appellant raises two other issues on appeal.[3] We also find no merit in those points and accordingly affirm appellant's conviction.

AFFIRMED.

**2.** The affidavit attached to the complaint stated that appellant had told an agent with the Alabama Bureau of Investigation that she was residing with Paul Rivers. It also contained the statement that an individual had identified Paul Rivers as being Henry Cook Salisbury.

We are persuaded by this evidence that counsel for appellant did have essentially the same evidence that he would have gained from receiving a copy of the 302 Form.

**3.** Appellant argues that she was severely prejudiced by an erroneous statement in the indictment read to the jury that the fugitive she was harboring or concealing had been serving time for attempted murder and vehicle theft, when the evidence presented at trial established that Salisbury had been serving time for attempted motor vehicle theft. The government contends that such erroneous charges were mere surplusage, going beyond the elements of the crime. *United States v. Greene,* 497 F.2d 1068 (7th Cir. 1974), *cert. denied,* 420 U.S. 909, 95 S.Ct. 829, 42 L.Ed.2d 839 (1975).

Appellant concedes that the jury was properly instructed to disregard the erroneous statements, but argues that such instructions were nonetheless insufficient to eliminate the prejudicial effect of the statements.

We find that such statements were possibly prejudicial, going beyond mere surplusage, but that the court's instructions given to the jury were sufficient to eliminate the prejudicial effect.

Appellant also contends that the trial court erred in attempting to define the term "reasonable doubt" in its charge to the jury. The correct standard of review to be applied to such a challenge is whether the court's charge as a whole was a correct statement of the law. *United States v. Green,* 433 F.2d 946 (5th Cir. 1970); *Gurleski v. United States,* 405 F.2d 253 (5th Cir. 1968), *cert. denied,* 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 767 (1969). A careful perusal of the entire charge clearly demonstrates that the court did not err in the presentation of its charge.