[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13076

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONATHAN HOWARD KUYKENDALL,
a.k.a. Jonathan H. Kuykendall,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00247-CEH-AEP-1

_____

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan Kuykendall appeals his conviction for attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). He argues that the district court erred by instructing the jury that cellular telephones and the Internet are facilities of interstate commerce and that the jury only needed to find that he used one or the other in order to convict him.

We ordinarily review *de novo* the legal correctness of jury instructions but review the district court's phrasing for abuse of discretion. *United States v. Seabrooks*, 839 F.3d 1326, 1332 (11th Cir. 2016). Jury instructions are subject to harmless error review. *Neder v. United States*, 527 U.S. 1, 8-9 (1999). Therefore, we will not reverse a conviction based on a jury instructions challenge unless there is a "substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Seabrooks*, 839 F.3d at 1333 (quotation marks omitted).

However, if the party challenging the jury instructions failed to object to their language at trial, we review only for plain error. *United States v. Maradiaga*, 987 F.3d 1315, 1323 (11th Cir. 2021). For plain error to exist, there must: "(1) be an error (2) that is plain (3) that affects the defendant's substantial rights and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1321 (11th Cir. 2013). "A plain error is an error that is obvious and is clear

under current law." *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (quotation marks omitted).

Where invited error exists, however, we are precluded from invoking plain error and reversing. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). "[P]roposing the language of a jury instruction is a textbook case of invited error." *United States v. Duldulao*, 87 F.4th 1239, 1254 (11th Cir. 2023) (quotation marks omitted). Consequently, we have declined to review challenges to jury instructions where the defendant not only failed to object to the jury instructions at trial but actually proposed the very instruction that he challenged on appeal. *Maradiaga*, 987 F.3d at 1322. Furthermore, we have declined to review a jury-instructions challenge even where the instructions were proposed jointly by the defendant and the government. *United States v. Bird*, 79 F.4th 1344, 1353 (11th Cir. 2023). Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Section 2422(b) imposes criminal penalties on a person who uses any facility or means of interstate commerce and "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years[] to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." 18 U.S.C. § 2422(b). We have held that "[t]elephones and cellular telephones are instrumentalities of interstate commerce." *United States v. Evans*, 476 F.3d 1176, 1180

(11th Cir. 2007).   Further, we have held that the "internet is an instrumentality of interstate commerce."   *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).

A trial court does not err when its jury instructions accurately define a term in a statute as a matter of law.  *United States v. Hastie*, 854 F.3d 1298, 1305-06 (11th Cir. 2017).  There is a distinction between a court improperly directing a verdict on an element of an offense, as opposed to properly instructing the jury about the definition of that element.  *Id.* at 1306.

Here, Kuykendall invited any error because he proposed the very language in the jury instructions that he now seeks to challenge.  *Duldulao*, 87 F.4th at 1254.  Additionally, the district court did not invade the province of the jury when it instructed that the internet and cell phones are facilities of interstate commerce—as we have held in *Evans* and *Hornaday* and as Kuykendall invited the district court to instruct; the district court did not determine the factual issue of whether Kuykendall actually used a cell phone or the internet, but simply defined the term "facilities of interstate commerce."  Finally, even if we were to review the claim for plain error, the district court did not plainly err because cell phones and the Internet are facilities of interstate commerce as a matter of law. *See Evans*, 476 F.3d at 1180; *Hornaday*, 392 F.3d at 1311.  Moreover, even if there were some question about that—which there is not in this Circuit—any error in that regard would not be plain error because there is no Supreme Court or Eleventh Circuit case holding that a district court errs by instructing that cell phones and the

24-13076                Opinion of the Court                5

internet are facilities of interstate commerce.  Accordingly, we af-
firm.

**AFFIRMED.**