DONALD G. TRACY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SHIRLEY TRACY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tracy v. Commissioner
Docket Nos. 28118-83, 28119-83.
United States Tax Court
T.C. Memo 1985-40; 1985 Tax Ct. Memo LEXIS 593; 49 T.C.M. (CCH) 596; T.C.M. (RIA) 85040; January 24, 1985
Donald G. Tracy, pro se. Shirley Tracy, pro se. Ellen T. Friberg, for the respondent. SWIFT
*596 MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: By statutory notices of deficiency dated July 6, 1983, respondent determined deficiencies in petitioners' Federal income tax liabilities and additions to tax as follows: *597 Donald G. Tracy - docket no. 28118-83.
Tax
Additions to Tax, I.R.C. Sections [1]
Year
Deficiency
6651(a)
6653(a)
6654
1980
$6,360
$1,405
$318
$346
1981
8,318
1,347
416
357
Shirley Tracy - docket no. 28119-83
1980
$1,085
$ 250
$ 54
$ 63
1981
1,349
337
67
103
*595 Also determined were additions to tax under 6653(a)(2) for the year 1981 for Donald and Shirley in the amount of 50% of the interest due on the entire underpayments of tax for 1981. These cases were consolidated on April 27, 1984, pursuant to respondent's motion. The issues for decision are: (1) whether wages earned by petitioners in 1980 and 1981 are part of petitioners' gross income; (2) whether unemployment compensation and an income tax refund received in 1980 and 1981 are part of petitioners' gross income, (3) whether petitioners are liable for additions to tax under sections 6651(a) (failure to file a return), 6653(a) (negligence), and 6654 (failure to pay estimated tax); and (4) whether damages should be awarded to the United States against Mr. Tracy under section 6673. *3 FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners Donald G. Tracy and Shirley Tracy are husband and wife and resided in Janesville, Wisconsin, when the petitions herein were filed. Petitioner Donald Tracy *596 was employed by General Motors Corporation and received compensation in 1980 and 1981 in the amounts of $22,933.27 and $27,573.37, respectively. Petitioner Shirley Tracy was employed by Accundyne Corporation and received compensation in 1980 and 1981 in the amounts of $8,538.07 and $9,967.33, respectively. Petitioners also received unemployment compensation totalling $789 and $537 in 1980 and 1981, respectively, and a state income tax refund in the amount of $466 in 1980. Petitioners filed "protest" Forms 1040 for 1980 and 1981, with the Kansas City Service Center. On each Form 1040, petitioners identified themselves, signed the "returns," and indicated that they were filing as married persons filing a joint return. No financial information was provided on either Form 1040, and each request on the Form 1040 for financial information was answered with the words "none" or "object--self incrimination," with one exception on each form. [2]
*4 On July 6, 1983, respondent mailed a notice of deficiency to Donald *597 for the years 1980 and 1981, and determined deficiencies and additions to tax totalling $18,867 plus an addition under section 6653(a)(2).Also on July 6, 1983, respondent mailed a separate notice of deficiency to Shirley for the years 1980 and 1981, and determined deficiencies and additions to tax totalling $3,308 plus an addition under section 6653(a)(2). On September 29, 1983, petitioners timely filed separate petitions with this Court for redeterminations of the tax deficiencies and additions for 1980 and 1981. In their petitions, petitioners contend that the wages, unemployment compensation, and tax refund received by them do not constitute taxable items of income as determined in respondent's notices of deficiency. On April 10, 1984, respondent filed with the Court a written motion for damages pursuant to section 6673 in docket no. 28118-83. At trial on May 17, 1984, in Milwaukee, Wisconsin, exhibits and stipulations of facts were admitted into evidence, but no oral testimony was offered. OPINION Petitioners concede that they received wages from their respective employers and that the amount of those wages was correctly reflected in respondent's notices of deficiency. *598 Petitioners contend, however, that the receipt of wages is not proof of any Federal income tax liability and that they are not subject to the Federal income tax laws because they are "natural" *5 citizens, (i.e. not a corporation or association organized for profit). Petitioners also allege that respondent obtained the information upon which the deficiencies herein were based by fraudulent means and in violation of Federal law, [3] rendering respondent's deficiency determination invalid. *599 Respondent argues that petitioners are required to include in gross income their wages, unemployment compensation, and state income tax refund received in 1980 and 1981. For the reasons discussed below, we agree with respondent. Petitioners' argument that wages are not income but an equal exchange for labor has repeatedly been rejected by this and other courts. See, for example, sec. 61(a) [4]; Abrams v. Commissioner, *6 82 T.C. 403, 407 (1984); Rowlee v. Commissioner,80 T.C. 1111, 1120-21 (1983), appeal dismissed (2d Cir. 1984), and cases cited therein at note 3; Reiff v. Commissioner,77 T.C. 1169, 1173 (1981). [5] Arguments to the contrary have been rejected in numerous cases and do not merit further discussion. We have previously noted that-- this Court has been flooded with a large number of socalled tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters *600 and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [Emphasis added; McCoy v. Commissioner,76 T.C. 1027, 1029-30 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).] We therefore hold that petitioners are required to include in gross income their wages for 1980 and 1981 as determined by respondent. Also unpersuasive is petitioners' argument that as natural citizens they are not subject to Federal income tax laws. Since the ratification of the Sixteenth *601 Amendment in 1913, Congress has had power to impose income taxes on individuals as well as corporations. New York Trust Co. v. Eisner,256 U.S. 345, 349 *7 (1921); James v. United States,366 U.S. 213 (1961); O'Malley v. Woodrough,307 U.S. 277 (1939); Lynch v. Hornby,247 U.S. 339 (1918). [6]
Petitioners' allegation that respondent violated their Constitutional rights and fraudulently obtained information regarding petitioners' income is not an issue that is properly before this Court. Ordinarily, we will not look behind a deficiency notice to examine the evidence used or the propriety of respondent's motives or procedures involved in making his deficiency determinations. Church of Scientology of California v. Commissioner,83 T.C. 381, 447-48 (1984); Abrams v. Commissioner,supra at 406; Proesel v. Commissioner,73 T.C. 600, 605 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). In this case respondent merely requested by letter information *602 regarding petitioners' wages from their respective employers, to which requests the employers voluntarily complied. Our responsibility herein is to determine petitioners' Federal income tax liabilities. The fact remains, and petitioners do not contend otherwise, that they received wages in 1980 and 1981. As discussed above, that compensation is properly includible in petitioners' gross income, and we sustain respondent on that issue. *8 Respondent also contends that unemployment compensation totalling $1,346 received by petitioners in 1980 and 1981 is includible in petitioners' gross income. Petitioners did not present any evidence that respondent's determinations with regard to those items were erroneous, and we therefore sustain respondent's determinations. Respondent also included in petitioners' gross income a state tax refund in the amount of $466 received in 1980. A recovery of taxes for which a deduction was allowed in an earlier year must be included in the year of receipt, except to the extent the earlier deduction did not result in a tax benefit. Section 111. [7] Petitioners presented no evidence to refute *9 respondent's determination, and we hold for *603 respondent on this issue. Respondent also determined that petitioners are liable for additions to tax under sections 6651(a), 6653(a), and *604 6654, and moved this Court to award damages to the United States pursuant to section 6673. Section 6651(a) - Failure to File a Return
Respondent contends that the Forms 1040 filed by petitioners in 1980 and 1981 are not "returns" as required by section 6011. [8] All taxpayers are required to make a return or statement and include therein the information required by the forms or regulations. Section 6011(a). "Returns" that have not been so prepared will not be accepted as meeting the requirements of the Internal Revenue Code. Beard v. Commissioner,82 T.C. 766 (1984); sec. 1.6011-1(b), Income Tax Regs.
*10 Section 6651(a) [9] allows respondent to determine an addition to tax where no return has been filed unless the taxpayer *605 demonstrates that the failure to file is due to reasonable cause and not due to willful neglect. A return that does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code. United States v. Porth,426 F.2d 519, 523 (10th Cir.), cert. denied 400 U.S. 824 (1970). The Porth test has been adopted by several courts, including the Seventh Circuit, to which an appeal in this case would lie. United States v. Moore,627 F.2d 830, 834 (7th Cir.), cert. denied 450 U.S. 916 (1981); *606 United States v. Stout,601 F.2d 325, 328 (7th Cir.), cert. denied 444 U.S. 979 (1979); United States v. Jordan,508 F.2d 750, 751-52 (7th Cir.), cert. denied 423 U.S. 842 (1975). A return must contain sufficient data from which respondent can compute and assess the taxpayer's Federal income tax liabilities. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 188 (1957); Beard v. Commissioner, supra at 774; Reiff v. Commissioner,supra at 1177; Hatfield v. Commissioner,68 T.C. 895, 898 (1977). Although petitioners did *11 report certain dividends received by them, that low level of compliance did not reflect an honest and genuine endeavor by petitioners to satisfy the requirements of Federal income tax laws. See Germantown Trust Co. v. Commissioner,309 U.S. 304, 308-9 (1940); United States v. Moore,supra at 835; Reiff v. Commissioner,supra at 1177. We conclude that petitioners failed to file returns for 1980 and 1981 as required by section 6011. Petitioners also argue that *607 they are not liable for section 6651(a) additions to tax because they asserted their Fifth Amendment rights against self-incrimination in the documents that were filed. We have previously stated that "the privilege against self-incrimination may be invoked only when an answer to the question posed would expose that petitioner to a real danger of criminal prosecution; remote or speculative possibilities of prosecution for unspecified crimes are not sufficient to justify a refusal to respond." McCoy v. Commissioner,supra at 1029; see, e.g., Zicarelli v. New Jersey State Commission of Investigation,406 U.S. 472, 478 (1972); Ryan v. Commissioner,568 F.2d 531, 539 (7th Cir. 1977), cert. denied 439 U.S. 820 (1978), affg. 67 T.C. 212 (1976). Based on the record herein, we find that petitioners have failed to demonstrate any reasonable basis for fearing criminal prosecution and that there exists no justification for petitioners' failure to provide the information required in a Federal income tax return. We therefore hold that petitioners' failure to disclose sufficient data from which their tax liabilities *608 could be computed was deliberate and in willful *12 neglect of the Federal income tax laws and regulations. Respondent's additions to tax under section 6651(a) are sustained. Section 6653(a) - Negligence
An addition to tax under section 6653(a) [10] is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. The addition to tax provided under section 6653(a) is not applicable where there exists a "bona fide dispute which presents substantial issues of law and fact." Scott v. Commissioner,61 T.C. 654, 663 (1974). Petitioners' belief, however genuine, that wages do not *13 constitute income or that individuals are not subject to Federal income tax laws, does not present such a dispute.Moreover, we already have found that petitioners' failure to disclose sufficient data from which their Federal income tax liabilities could be determined was deliberate and due to willful neglect. Accordingly, we conclude that petitioners' underpayments for 1980 and 1981 were due to negligence or intentional disregard of rules or regulations and sustain respondent on this issue, and further conclude that *609 the entire underpayments of tax for 1981 are attributable to negligence. Section 6654 - Failure *610 To Pay Estimated Tax
Section 6654 [11] provides an addition to tax where an individual fails to make sufficient payment of his estimated tax. The provisions of section 6654 are mandatory and no provision is made for reasonable cause or lack of willful neglect. Estate of Roe,36 T.C. 939, 952 (1961).Neither petitioner made sufficient prepayment of their estimated tax liability, and we therefore sustain respondent on this issue. *14 Section 6673 - Damages
Respondent moved this Court to award damages against petitioner Donald G. Tracy to the United States pursuant to section 6673, [12] asserting that Mr. Tracy instituted and maintained this *611 action primarily for delay and that his petition herein is frivolous and groundless. Petitioner Donald G. Tracy maintains that the imposition of such a "penalty" infringes his First Amendment right to petition the government for redress of grievances. Mr. Tracy was herein given the opportunity to petition the government for redress and to air his grievances before this Court. The fact remains, however, that he continues to advance legal arguments that have long been settled and that are frivolous and groundless. We have patiently indulged petitioner in his pro se *612 status, yet remain convinced that he instituted and maintained this action primarily for delay. Taxpayers have repeatedly been warned by this and other Courts, see Abrams v. Commissioner,supra at 408-413, and cases cited therein, that we will no longer tolerate proceedings that advance nothing but frivolous and groundless contentions. Therefore, on the record *15 herein we find that the imposition of damages in the amount of $1,000 is appropriate and we award such damages against petitioner Donald G. Tracy to the United States pursuant to section 6673. Appropriate orders and decisions will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in suit.↩
2. The one exception was that petitioners reported on the Form 1040 for each year $5.38 and $6.35 as dividend income received in 1980 and 1981, respectively.↩
3. Petitioners allege that respondent violated the U.S. Constitution, the Privacy Act of 1974, 5 U.S.C. § 552(a), and the Federal Register Act, 44 U.S.C. § 1505. Petitioners assert that some of the forms utilized by respondent in obtaining information concerning their income tax liabilities were "illegal" in that they failed to comply with regulations of the Office of Management and Budget (OMB). Specifically, petitioners allege that the Form 1040 lacked an OMB number and expiration date as required by 5 C.F.R. § 1320.4(a) (1983), which states: An agency shall not engage in a collection of information without obtaining office of Management and Budget (OMB) approval of the collection of information and displaying a currently valid OMB control number, and unless OMB determines it to be inappropriate, an expiration date.↩
4. Section 61(a) provides, in relevant part: (a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; * * * ↩
5. See also Rice v. Commissioner,T.C. Memo. 1982-129↩, and cases cited therein.
6. See also Graf v. Commissioner,T.C. Memo. 1982-317↩.
7. SEC. 111. RECOVERY OF BAD DEBTS, PRIOR TAXES, AND DELINQUENCY AMOUNTS. (a) General Rule.-- Gross income does not include income attributable to the recovery during the taxable year of a bad debt, prior tax, or delinquency amount, to the extent of the amount of the recovery exclusion with respect to such debt, tax, or amount. (b) Definitions.--For purposes of subsection (a)--* * * (2) Prior tax.--The term "prior tax" means a tax on account of which a deduction or credit was allowed for a prior taxable year. * * * (4) Recovery exclusion.--The term "recovery exclusion", with respect to a bad debt, prior tax, or delinquency amount, means the amount, determined in accordance with regulations prescribed by the Secretary of the deductions or credits allowed, on account of such bad debt, prior tax, or delinquency amount, which did not result in a reduction of the taxpayer's tax under this subtitle * * *, reduced by the amount excludable in previous taxable years with respect to such debt, tax, or amount under this section. * * *↩
8. Section 6011(a) provides: (a) General Rule.--When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or for the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.↩
9. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *↩
10. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income, Gift, or Windfall Profit Taxes.-- (1) In general.--If any part of any underpayment * * * of any tax * * * is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) Additional amount for portion attributable to negligence, etc.--There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601-- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). * * *↩
11. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) Addition to the Tax.--In the case of any underpayment of estimated tax by in individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined at an annual rate established under section 6621 upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c)). * * * ↩
12. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩