EDMUND F. AND MAGDALENA SOBORSKI, JR., Petitioners v COMMISSIONER OF INTERNAL REVENUE, Respondent
Soborski v. Commissioner
Docket No. 25317-88
United States Tax Court
T.C. Memo 1990-654; 1990 Tax Ct. Memo LEXIS 729; 60 T.C.M. (CCH) 1523; T.C.M. (RIA) 90654; December 31, 1990, Filed *729 Decision will be entered for the respondent. Edmund F. Soborski, Jr., pro se. Paul K. Voelker, for the respondent. *730 GUSSIS, Special Trial Judge. GUSSIS
*2177 MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1985 in the amount of $ 685 and also determined additions to tax under sections 6653(a)(1) and (2). The issues to be decided are (1) whether petitioner Edmund F. Soborski, Jr. realized unreported toke income in 1985 in the amount of $ 4,804; and, (2) whether petitioner is liable for the additions to tax under sections 6653(a)(1) and (2). Petitioners maintained their residence in Las Vegas, Nevada, when the petition was filed. Petitioner was employed as a craps dealer by the Horseshoe, Flamingo and Showboat Casinos in Las Vegas, Nevada during the 1985 *731 tax year. Petitioner reported toke income in the amount of $ 8,220 for that year. Respondent made a determination that petitioner failed to report $ 4,804 in toke income for 1985. Petitioner has the burden of proof. Rule 142(a). It is well settled that "tokes" are includable in gross income under section 61(a). Catalano v. Commissioner, 81 T.C. 8, 13 (1983), affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984). If a taxpayer fails to keep records of income, or it appears the records do not clearly reflect income, respondent is authorized to compute income under such method as, in his opinion, does clearly reflect income. Section 446(b); Menequzzo v. Commissioner, 43 T.C. 824, 831 (1965). The method adopted by respondent must produce a result that is reasonable and substantially correct. Mendelson v. Commissioner, 305 F.2d 519, 523 (7th Cir. 1962), affg. a Memorandum Opinion of this Court. During 1985, the 21 and craps dealers at the Horseshoe Casino pooled their tokes on each shift. The tokes were then divided equally among the dealers for that particular shift. Respondent *732 calculated the hourly toke rate he applied to petitioner with respect to his employment at the Horseshoe Casino by using toke calendar information supplied by several other 21 and craps dealers who also worked the graveyard shift at the Horseshoe Casino in 1985. Based on these calendars, respondent prepared computer runs of the cumulative mode amounts. The mode represents the amount most frequently shown on the calendar for a particular day and shift. The average mode amount is then used for the toke rate per hour, which is then multiplied by the number of hours worked by the taxpayer to compute the total toke income for the taxable year. Here, respondent computed a toke rate per hour for 21 and craps dealers at the Horseshoe Casino of $ 7.38. Respondent also computed an hourly toke rate for the Flamingo and Showboat Casinos. The use of dealers' toke calendars to compute hourly tip rates is an acceptable and reasonable method of reconstructing toke income. Keogh v. Commissioner, 713 F.2d 496 (9th Cir. 1983), affg. a Memorandum Opinion of this Court; Petrie v. Commissioner, T.C. Memo. 1990-168. Petitioner's argument is directed at the determination *733 made by respondent with respect to his unreported toke income while employed at the Horseshoe Casino since such determination represents most of the total unreported toke income attributed to petitioner in 1985. Petitioner's contention that the formula used by respondent somehow discriminates against craps dealers is not supported by this record. Moreover, petitioner's unsupported assertion that the hourly toke rate computed by respondent is too high is singularly unpersuasive. Petitioner has failed to meet his burden of proof with respect to the hourly toke rates employed by respondent in determining petitioner's unreported toke income in 1985. Petitioner's remaining arguments are completely without merit. Petitioner argues that the Internal Revenue Service acted fraudulently and illegally by making a second inspection of his books of account in violation of section 7605(b), by making false allegations in the notice of deficiency, and by supposedly discriminating against him. Generally, this Court will not look behind the notice of deficiency to examine the evidence used or the propriety of respondent's motives or of the administrative policy or procedure involved in making *734 his determinations. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); Human Engineering Institute v. Commissioner, 61 T.C. 61, 66 (1973). In any event, we have considered petitioner's contentions and find them baseless. Petitioner argues that respondent's use of an hourly toke rate of $ 7.38 used in reconstructing *2178 petitioner's unreported toke income at the Horseshoe Casino is fabricated and invalid because a different hourly rate was used in a settlement offer made to petitioner. Petitioner argues that this necessitates a shift of the burden of going forward to respondent. We cannot agree. It is established that evidence of this nature made in settlement negotiations is not admissible to prove the validity of a claim or its amount. See Rule 408, Fed. R. Civ. P.; see also Moore v. Commissioner, T.C. Memo. 1983-352. Under these circumstances, we must reject petitioner's contention. Petitioner argues that a second inspection of his books occurred in violation of section 7605(b). The record does not support petitioner's contentions. The statute prohibits a second inspection of a taxpayer's books *735 of account unless respondent notifies the taxpayer of the necessity of such additional inspection. Here, the initial audit relating to petitioner's entitlement to dependency exemptions did not involve an inspection of petitioner's records. Moreover, petitioner has never supplied respondent with records he maintained regarding his toke income. An inspection of the books of account would require, at a minimum, that respondent have access to and physically view petitioner's books and records. Hough v. Commissioner, 882 F.2d 1271, 1275 (7th Cir. 1989); Benjamin v. Commissioner, 66 T.C. 1084, 1098 (1976), affd. on other grounds 592 F.2d 1259 (5th Cir. 1979). In the instant case, no inspection of petitioner's records ever occurred. Petitioner misconstrues the meaning and purpose of section 7605(b) and we must reject his contention. Petitioner argues that he and others were selected for audit because they are dealers and that this is tantamount to unlawful discrimination. To prevail on this ground, petitioner must meet two requirements. First, he must demonstrate that, while others similarly situated have not been selected for audit even *736 though engaged in conduct of the type forming the basis of the tax deficiencies against him, he was singled out for tax audit and a deficiency determination. Second, he must demonstrate that the selection of him for audit was based upon impermissible considerations, such as race, religion, or the desire to prevent the exercise of his constitutional rights. United States v. Stout, 601 F.2d 325 (7th Cir. 1979); United States v. Kahl, 583 F.2d 1351 (5th Cir. 1978); United States v. Scott, 520 F.2d 697 (9th Cir. 1975). Petitioner has failed to meet either test. Further, respondent is not required to use any particular method in selecting taxpayers for audit. The broad mandate to investigate and examine persons who may be liable for taxes vests in respondent the discretion to determine which taxpayers can and should be audited. Greenberg's Express, Inc. v. Commissioner, supra at 328-329; see also Lewis v. Commissioner, T.C. Memo 1986-436. We conclude on this record that petitioner's argument is without merit. Section 6653(a)(1) imposes an addition to tax if any part of the underpayment of tax *737 is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) imposes an addition to tax in the amount of 50 percent of the interest due on the underpayment attributable to negligence. Under section 6653(a), negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proof. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioner failed to introduce into the record any toke income diaries kept by him. We agree with respondent that petitioner did not accurately report his toke income in 1985. Absent any persuasive evidence on this issue, we must conclude that petitioner is liable for the additions to tax in 1985 under sections 6653(a)(1) and (2). Respondent is sustained on this issue. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩