**UNITED STATES of America,**

v.

**Norwood E. KLOTZ, Jr.**

**No. CR 92–058.**

United States District Court,
M.D. Pennsylvania,
Scranton Division.

April 27, 1992.

Marc S. Fisher, Worth Law Offices, Allentown, Pa., for Klotz.

Norwood E. Klotz, Jr., pro se.

Lorna N. Graham, U.S. Attorney's Office, Scranton, Pa., for U.S.

## MEMORANDUM

NEALON, District Judge.

By Information filed on March 2, 1992, the Government charged the defendant Norwood Klotz, as the responsible official of Dar–Nek, Inc., with ten counts of willful failure to file returns in violation of 26 U.S.C. § 7203.[1] *Document 1.* On April 10, 1992, the Government filed a motion *in limine* to preclude Klotz from introducing evidence that, after the due dates, he submitted delinquent returns and paid the taxes, interest and penalties. The pleadings have been closed, and the motion is ripe for disposition. For the reasons that follow, the motion will be denied.

---

**1.** Section 7203 provides, in pertinent part, that "[a]ny person ... required by this title or by regulations made under authority thereof to make a return ..., who willfully fails to ... make such return ..., at the time or times provided by law or regulations, shall ... be guilty of a misdemeanor...." 26 U.S.C. § 7203 (Supp.1992).

## I.

The Information alleges that Klotz, during the period from January 1987 to August 1989, was the Secretary/Treasurer and fifty percent (50%) owner of Dar–Nek and, as the responsible individual, was required to file Quarterly Tax Returns, Form 941, of federal income taxes withheld from wages and Federal Insurance Contributions Act (FICA) on or before each due date. Klotz seeks to proffer evidence that he filed delinquent returns and subsequently paid the taxes, interest, and penalties in support of his position that he did not know of his obligation as a responsible officer to file such returns.

The Government contends that Klotz filed and signed all quarterly returns in 1986 and that he generally filed returns in prior years.[2] In addition, the Government claims that the information required by the corporation's accountant to complete the returns was obtained only from the defendant who, contrariwise, maintains that he did not know of his duty to file these returns and that, while he signed the returns, he did not prepare them. In 1987, a new accountant began representing the corporation and allegedly informed the defendant in 1988, and perhaps as early as 1987, that returns had not been filed. Additionally, according to the Government, a Revenue Agent advised Klotz in November 1988 that no returns had been filed since March 31, 1987. In September 1989, an IRS Special Agent notified Klotz that the failure to file these returns could result in a criminal prosecution. Klotz filed the re-

turns and paid the taxes approximately two weeks after this last meeting. He maintains that he delayed acting in the ten months between his meeting with the Revenue Agent and the Special Agent because the Revenue Agent told him that he would contact him again regarding this matter.[3]

Klotz argues that evidence of this subsequent conduct, after being advised of his responsibility, would corroborate his position that he had no knowledge of his duty to file and, therefore, the willfulness requirement of the offense would be negated. The Government responds that the evidence is irrelevant inasmuch as the delinquent filing of returns is not a defense to willful failure to timely file returns.

## II.

The Government must establish that Klotz was the responsible individual for filing returns, that he knew of this obligation, and that he willfully failed to file returns.[4] As previously mentioned, Klotz seeks to utilize the evidence of his subsequent filings to support his position that he was unaware of his obligation to file under § 7203. The Government cites *United States v. Sawyer*, 607 F.2d 1190 (7th Cir.1979), *United States v. Ross*, 626 F.2d 77 (9th Cir.1980), and *United States v. Ming*, 466 F.2d 1000 (7th Cir.1972), in which the Courts excluded evidence of subsequent filings of returns and payments of tax, to advance its argument that evidence of delinquent filings is irrelevant to the issue of willfulness. *Sawyer*, 607 F.2d at 1193; *Ross*, 626 F.2d at 81 (district court

---

**2.** Dar–Nek was formed in 1983, and Klotz' brother filed some prior returns. The Government, however, claims that the brother knew very little about the financial operations.

**3.** The foregoing information was elicited during the court's telephone conference with counsel for the Government and Klotz on April 23, 1992.

**4.** In *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), the Supreme Court observed:

> Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and

intentionally violated that duty. We deal first with the case where the issue is whether the defendant knew of the duty purportedly imposed by the provision of the statute or regulation he is accused of violating, a case in which there is no claim that the provision at issue is invalid. In such a case, if the Government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement. But carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws. *Id.* 111 S.Ct. at 610–11.

properly excluded testimony of the defendant's offer in 1976 to pay the delinquent taxes due in 1972, 1973, and 1974); *Ming,* 466 F.2d at 1005 ("It has been clearly established that late filing and late tax payment are immaterial on the issue of willfulness in a Section 7203 prosecution.") These cases, however, are distinguishable from the present one inasmuch *Sawyer, Ross,* and *Ming* involve individual taxpayers who did not claim that they did not know of the duty imposed upon them to file their tax returns.

The defendant points to *United States v. Stoehr,* 196 F.2d 276 (3d Cir.1952) in support of his position. In *Stoehr,* the defendant was charged with willfully and knowingly attempting to evade a portion of his income taxes in 1943, 1944, and 1945. The defendant proffered evidence of his 1946 return, in which he overpaid his taxes. The Court of Appeals for the Third Circuit stated:

> In cases of prosecution for crimes involving fraudulent intent, some courts have displayed increased liberality in admitting evidence of subsequent statements and conduct of defendant. *See Heindel v. United States,* 6 Cir., 1945, 150 F.2d 493, 497; *United States v. Matot,* 2 Cir., 1944, 146 F.2d 197, 198; *United States v. Wicoff,* 7 Cir., 1951, 187 F.2d 886, 890–91. The underlying philosophy prompting this policy is well expressed by the Second Circuit in *United States v. Matot,* ... where the court declared that so long as evidence does not confuse the jury, its exclusion merely because of logical remoteness from the issue is always a hazard and is usually undesirable. We

agree with this principle. Such a rule of liberality does not, however, render admissible every subsequent self-serving act of the defendant. The trial court, in making its ruling, must consider the circumstances of the individual case. Its inquiry in each instance must be: Is the evidence of defendant's subsequent mental state (which evidence is supplied by the subsequent act) of any probative value in establishing his state of mind at the time of the alleged criminal acts, and if so, does the evidence not unduly entangle the issues or confuse the jury? If the defendant here had promptly filed an amended return and made payment of the additional sum owed, we think such evidence might very well have been admissible. But defendant filed no amended return.

*Stoehr,* 196 F.2d at 282–83 (internal footnotes omitted). In response, the Government maintains that, applying the test set forth in *Stoehr,* that Klotz' delinquent filing "is hardly probative of his mental state when failing to timely file the returns over a two year period in 1987 through July 1989." *Government's Reply Brief at 5.*

While evidence of late filings and payments of taxes due is generally inadmissible, under the specific circumstances of this case, Klotz' delinquent filings have probative value on the question of whether he had knowledge of his responsibility to file returns.[5] He apparently will assert that, although he signed some of the pre–1987 returns, his accountant actually prepared them. Further, that when he was advised that the returns were not filed and that he was considered to be the respon-

---

5. In addition, Klotz points to *United States v. Stout,* 601 F.2d 325 (7th Cir.1979). In *Stout,* the defendant was indicted with three counts of failure to file returns, supply information, or pay federal income taxes in 1973, 1974, and 1975, in violation of § 7203, and with one count of supplying a false or fraudulent statement or failure to supply information in 1974, in violation of § 7205. In 1977, the defendant filed a Form 1040 for 1973, 1974, and 1975, which were completely blank with the exception of the defendant's and his spouse's names, address, the defendant's social security number, filing status, number of exemptions, and first name of each dependent child. *Stout,* 601 F.2d at 327.

The defendant argued that the Court improperly admitted evidence of his prior and subsequent conduct with respect to filing tax returns. The evidence supported a finding that the defendant knew of his obligation to file returns and that, therefore, his failure to file was willful. *Id.* at 329. The Court stated, "[w]e have often approved the admission of such evidence." *Id.* (citations omitted). Although *Stout* involved an individual taxpayer, to the extent that the Court found evidence of the defendant's subsequent conduct relevant to the issue of his knowledge of his duty to file returns, *Stout* is germane to the present case.

sible person to file them, that he filed and paid all delinquent returns with reasonable promptness. These assertions are arguably consistent with his contention that he was ignorant of his obligation to file returns under § 7203. Apparently, there is significant evidence disputing these contentions, including allegations that Klotz was informed that returns were not being filed a year, or even two years, before he subsequently filed them. While the evidence concerning his prior knowledge, as well as the delay before he acted, might derogate from the weight to be given to Klotz' evidence, or even repudiate it completely, nevertheless, it does not destroy its admissibility. The evidence is found to be probative on the issue of willfulness and will not be precluded. Consequently, the Government's motion to preclude this evidence will be denied.