**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bobby Deen WILSON,
Defendant-Appellant.**

**No. 81–5424
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 29, 1982.

---

H. Jay Stevens, Asst. Federal Public Defender, Orlando, Fla., for defendant-appellant.

Robert A. Leventhal, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

Defendant Bobby Deen Wilson was convicted of threatening the life of then President-elect Reagan in violation of 18 U.S. C.A. § 871. He argues the district court erred in the following respects:

(1) Failing to grant a judgment of acquittal for lack of evidence linking defendant to depositing the letter for conveyance in the mail;

(2) Failing to suppress the letter containing the death threat on the ground that it was illegally opened; and

(3) Giving jury instructions which were confusing and incorrect in construing the elements of the offense.

Finding no reversible error, we affirm.

*Facts*

While incarcerated in Cell Block A–3 of the Seminole County Jail in Sanford, Florida, defendant wrote a letter threatening the life of then President-elect Reagan. Corrections Officer Roberts collected the sealed envelope containing the letter along with several other pieces of outgoing mail. Roberts could not later recall which inmate gave the threatening letter to him.

After collecting the letters, Roberts turned them over to Chief Correctional Officer McCullough. At the time McCullough thought jail policy permitted outgoing inmate mail to be opened if believed to contain contraband. Because the letter was bulky, McCullough opened it thinking it might contain contraband or something else posing a security risk to the facility. McCullough was aware the letter was collected from Block A–3 and that Block A–3 had experienced security problems, includ-

ing fights and Ku Klux Klan related activity.

Immediately upon being opened the letter was determined to contain threats against the life of the President-elect. The Secret Service was called and an agent interviewed the defendant. The defendant admitted writing the letter.

### Motion for Judgment of Acquittal

Defendant argues two reasons that the trial court should have granted his motion for judgment of acquittal. *First*, he claims that the interception of the letter by jail officials prevented it being deposited for conveyance in the mail within the meaning of 18 U.S.C.A. § 871(a).[1] Although couched in sufficiency of the evidence terms, this is in effect an argument of law. He contends that because the letter was intercepted and never reached any postal employees, it could not have been deposited for conveyance under § 871(a). While apparently no cases have addressed this precise issue, we reject defendant's analysis. As pointed out by defendant, the procedure at the Seminole County Jail is for inmates to hand outgoing mail to a corrections officer, who in turn takes it to the central booking office. Outgoing mail is ultimately picked up when incoming mail is delivered. Under the Seminole County Jail procedure, therefore, there is nothing more an inmate can do to mail a letter than hand it over to jail personnel. Under these facts, we hold the letter was deposited for conveyance in the mail within the meaning of the statute when it was handed to the collecting corrections officer.

*Second*, defendant claims there is no evidence linking him to the depositing of the letter. Defendant wrote the letter and addressed the envelope. The letter was collected from defendant's cell block. The intensity of defendant's feelings, as reflected in the contents of the letter and his statements, are inconsistent with the view that he wrote the letter but neither handed it to the collecting officer nor caused it to be handed to him. The evidence was sufficient to support the jury verdict.

### Motion to Suppress

Defendant contends the opening and search of the envelope was an unreasonable search and seizure requiring suppression of its contents and other evidence derived from it. Incriminating statements and handwriting exemplars were extracted subsequent to opening the letter.

Where Fourth Amendment issues are involved, the fundamental inquiry is whether a search or seizure was reasonable under all the circumstances. *United States v. Chadwick*, 433 U.S. 1, 9, 97 S.Ct. 2476, 2482, 53 L.Ed.2d 538 (1977). A person writing the President or President-elect should expect that a letter will be screened by one other than the addressee.

Even if the letter had not been intercepted and opened by officials at the

1. 18 U.S.C.A. § 871 provides:

(a) Whoever knowingly and willfully deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of or to inflict bodily harm upon the President of the United States, the President-elect, the Vice President or other officer next in the order of succession to the office of President of the United States, or the Vice President-elect, or knowingly and willfully otherwise makes any such threat against the President, President-elect, Vice President or other officer next in the order of succession to the office of President, or Vice President-elect, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

(b) The terms "President-elect" and "Vice President-elect" as used in this section shall mean such persons as are the apparent successful candidates for the offices of President and Vice President, respectively, as ascertained from the results of the general elections held to determine the electors of President and Vice President in accordance with title 3, United States Code, sections 1 and 2. The phrase "other officer next in the order of succession to the office of President" as used in this section shall mean the person next in the order of succession to act as President in accordance with title 3, United States Code, sections 19 and 20.

Seminole County Jail, there is a reasonable probability that someone on the staff of the President-elect would have opened it on its arrival in Washington, D. C. The "inevitable discovery doctrine," as employed in this Circuit, is therefore applicable. *See United States v. Brookins*, 614 F.2d 1037, 1042 n.2 (5th Cir. 1980). We do not decide whether the search would otherwise be reasonable or unreasonable. In this case it is unnecessary to reach that issue.

The cases on which defendant relies— *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979), *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978) and *Taylor v. Sterrett*, 532 F.2d 462 (5th Cir. 1976)—all address the rights of prison inmates to correspond with attorneys, the press, government officials and others. They involve neither the Fourth Amendment nor the valid interest in protecting the safety of the Chief Executive without interference from threats of physical violence to which 18 U.S.C.A. § 871 is directed. *See Watts v. United States*, 394 U.S. 705, 707, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (1969).

### Jury Instructions

 Defendant's final claim is that the jury instructions were both confusing and incorrect as to the elements of the offense charged. We have reviewed the instructions as a whole and find they clearly and correctly state the law. *United States v. Grote*, 632 F.2d 387, 391 (5th Cir. 1980).

AFFIRMED.