[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15948
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00339-RAL-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL MEISTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 2, 2015)

Before TJOFLAT, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

The sole issue in this appeal of convictions for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), is whether the District Court erred in denying appellant's motion to suppress evidence taken from the hard drive of appellant's computer.  The salient facts are these.

Appellant brought his inoperable laptop computer to a computer repair store, True North, to have data from the computer's hard drive transferred onto a new computer.  True North transferred the data as appellant requested.  In the process, True North discovered child pornography on the laptop and contacted the police.  The police seized the laptop.

Following the seizure, the data True North obtained during the transfer remained in its system and was copied onto two DVDs.  Evidence presented to the District Court at the suppression hearing suggested that two separate searches of the data in True North's system took place.  Police subsequently obtained a search warrant for appellant's laptop, and after forensically analyzing its hard drive, they found numerous visual images and videos depicting child pornography.  Appellant argues that the two searches of the data in True North's system and the copying of that data onto two DVDs, all of which took place prior to the issuance of a search warrant for appellant's laptop, violated the Fourth Amendment, such that the court should have granted his motion to suppress.

We review the denial of a motion to suppress under a mixed standard, reviewing the District Court's findings of fact for clear error and its application of the law *de novo*.  *United States v. Gordon*, 231 F.3d 750, 753–54 (11th Cir. 2000). We construe the evidence in the light most favorable to the Government, the prevailing party below.  *Id.* at 754.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.  "The Fourth Amendment demonstrates a strong preference for searches conducted pursuant to a warrant."  *Ornelas v. United States*, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996) (quotation omitted).  "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement."  *United States v. Watkins*, 760 F.3d 1271, 1278 (11th Cir. 2014) (quotations omitted).

To deter police misconduct, courts prohibit the government from introducing at trial evidence gathered as a result of unconstitutional searches or seizures. *United States v. Smith*, 741 F.3d 1211, 1219 (11th Cir. 2013).  This exclusionary rule is subject to several exceptions, one of which is the inevitable-discovery rule. *United States v. Timmann*, 741 F.3d 1170, 1182–83 (11th Cir. 2013).  This rule

3

states that "evidence may be admissible if the government inevitably would have discovered it without the aid of the unlawful police conduct." *Id.* at 1183 (quotation omitted). We do not require "absolute inevitability of discovery," but only "a reasonable probability that the evidence in question would have been discovered" by means untainted by the constitutional violation. *Id.* at 1183 n.7; *see United States v. Wilson*, 671 F.2d 1291, 1293–94 (11th Cir. 1982).

The Fourth Amendment only applies to governmental action; "it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656, 80 L. Ed. 2d 85 (1984) (quotation omitted). Once a private individual, acting of his own accord, conducts a search—even one that frustrates a defendant's reasonable expectation of privacy—the Fourth Amendment does not forbid the government from replicating the search. *United States v. Young*, 350 F.3d 1302, 1306–07.[1]

---

[1] So long, that is, as government officials do nothing to further infringe the defendant's reasonable expectation of privacy than the private party already independently accomplished. *United States v. Jacobsen*, 466 U.S. 109, 115, 104 S. Ct. 1652, 1657, 80 L. Ed. 2d 85 (1984) (distinguishing *Walter v. United States*, 447 U.S. 649, 100 S. Ct. 2395, 65 L. Ed. 2d 410 (1980)). In this regard, "[t]he seizure of an item whose identity is already known occasions no further invasion of privacy." *Minnesota v. Dickerson*, 508 U.S. 366, 377, 113 S. Ct. 2130, 2138, 124 L. Ed. 2d 334 (1993).

4

The District Court did not err in denying appellant's motion to suppress. The evidence that was used to convict appellant at trial was obtained solely from the hard drive of his laptop computer. True North's employees were indisputably private actors when they initially viewed appellant's data during the data transfer from his laptop to True North's system, and the government was free to use the information provided by True North—that appellant had child pornography on his computer—to seize his laptop and obtain a search warrant. *See Jacobsen*, 466 U.S. at 113, 117, 104 S. Ct. at 1656, 1658; *Young*, 350 F.3d at 1306–07.

Nor did the subsequent searches of the data on True North's system require suppression of the laptop, which appellant admits was lawfully seized. Even if we were to assume that these subsequent searches were conducted by or at the direction of police, we need not decide any issues related to the reasonableness of the searches or whether they were within the scope of the initial private search because the inevitable-discovery doctrine applies. *See Wilson*, 671 F.2d at 1293–94. Appellant does not contest the seizure of the computer by police or present any arguments regarding the issuance of the search warrant. Based on True North's statements to the police about the child pornography on appellant's laptop with the laptop already in police possession, the discovery of child pornography on the laptop was more than reasonably probable. *See Timmann*, 741 F.3d at 1183 & n.7; *Wilson*, 671 F.2d at 1293–94.

5

AFFIRMED.